# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff<br><br>v.<br><br>OLUWASEGUN BAIYEWU<br><br>Defendant | CRIM. NO. 21-cr-395 (RAM) |

**DEFENDANT'S MOTION TO COMPEL DISCOVERY**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

This Motion to compel discovery is brought by Defendant Oluwasegun Baiyewu, in accordance the United States Constitution and the Federal Rules of Criminal Procedure and Local Rule 26(b).

**I.   Certification of Compliance Local Rule 26(b)**

In compliance with Local Rule 26(b), counsel for Defendant Oluwasegun Baiyewu and the government represented by AUSA Edwin G. Mercado held a final telephone conference on April 22, 2022, to attempt to resolve the issue in this Motion To compel as made a reasonable and good-faith effort to reach an agreement with opposing counsel on the matters set forth in the motion. As the government will agree, the efforts to resolve the dispute have been exhausted.

**II.  The Government is Withholding the Names of Witness
      and/or Co-Conspirators That Do Not Identify Mr. Baiyewu Which Is Exculpatory**

Mr. Bayiwu's defense counsel sent a letter to the government on May 4, 2022, detailing the requests for discovery that this motion now seeks to compel. Among others, Mr. Baiyewu requested production of relevant and required information under *Brady (*and *Giglio*). At the Rule 26 conference, Mr. Baiyewu specifically informed the government that to the extent that cooperators and witnesses were not identifying Mr. Baiyewu as a member of the alleged money laundering

conspiracy, which was information potentially exculpatory, and their names needed to be revealed. As explained below, the government refused to reveal any names.

The order compelling production of any evidence required under Rule 16 of the Federal Rules of Criminal Procedure, and exculpatory evidence signed by the Honorable Judge McGiverin on December 3, 2022. The defendant hereby moves to have the government compelled to produce discovery that is material to the preparation of the defense, and any that is or may be considered exculpatory and thereby must be produced in accordance with *Brady v. Maryland* US 373 U.S. 83 (1963), namely the redacted names contained in search and arrest warrants provided to defense counsel which are material to the preparation of the defense, and/or exculpatory; as required by the order issued by the Honorable Judge McGiverin on December 3, 20022 in accordance with the Due Process Protections Act, and any evidence required to be provided under the Federal Rules of Criminal Procedure.

## STATEMENT OF FACTS

Defendant Oluwasegun Baiyewu sent a discovery request letter to the government on or about December 7, 2022. After some discovery was made available, defense counsels sent a second discovery request on or about February 24, 2022, detailing items of discovery that had not been provided including, affidavits and search warrants used to search Defendant's property, electronic devices, and accounts. Respectfully, those are items that should have been produced automatically and pursuant to Rule 16. The government declined to provide certain items requested based on the ongoing investigation but did agree to provide certain items including the affidavits used for the search warrants and agreed to provide them on April 5, 2022.

On or about April 22, 2022, the government provided various items of discovery including affidavits used to secure search warrants, and an arrest warrant against Defendant and his property. The affidavits provided and relied upon by the government contain extensive redactions of material and exculpatory evidence. Defense counsels set up a teleconference

with the assistant U.S. attorney currently in charge of the case, Mr. Mercado. Previously, defense counsels had spoken to FBI agent John Auchter who was the previous attorney assigned to represent the government in this matter.

After various conversations with Mr. Auchter and the recent conversation with Mr. Mercado the government has stated that it is unwilling to provide the information requested by defense counsel, which is the redacted information in the affidavits used to secure warrants in this case. The affidavits provided have redactions of the names of every individual or their statements relied upon by the government in securing the warrants against Defendant. To date, none of the redacted information contained in the affidavits has been provided, and, at the Local Rule 26 meeting, the government informed that it would not produce it.

A copy of the affidavit executed by FBI agent Marc Rich is attached hereto as Exhibit 1.

**MOTION TO COMPEL**

Rule 16 is "broader than Brady" in that it mandates disclosure of any material information, whether exculpatory or not. U.S. v. Muniz-Jaquez, 718 F.3d 1180, 1183 (9th Cir. 2013). Under Rule 16, the "materiality" standard is "not a heavy burden" and means that there is a strong indication that the evidence will "play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal." U.S. v. Felt, 491 F.Supp. 179, 186 (D.D.C. 1979); U.S. v. Lloyd, 992 F.2d 348, 353-53 (D.C.Cir. 1993). Courts have routinely held that information redacted on a search warrant or affidavit in support thereof from an individual that has "some sort of direct connection, either as a participant or an eyewitness, to the crime charged", should not be redacted and be available to defense counsel. United States v. Gaston, 357 F.3d 77, 84 (D.C. Cir. 2004); see United States v. Long, 774 F.3d 653, 663 (10th Cir. 2014) (explaining that "disclosure is rarely necessary when . . . the informant's role was only as a tipster who provided probable cause for a search"). In this case, there are names, and other information of individuals involved in the criminal

activity charged in the indictments against Defendant that are redacted in the search and arrest warrants affidavits, these redacted names and information do not involve merely tipsters, or individuals not involved in the criminal acts that form the basis for the search and warrants. Therefore, defense counsel is entitled to that redacted material which involves individuals involved in the criminal acts.

As an example of the redaction, the affidavit of Marc Smith attached as Exhibit 1. The affidavit itself is incredibly lengthy and ambiguous using phrases and terms such as: "Investigators have learned that one apparent money mule/money mule organizer, OLUWASEGUN BAIYEWU ("BAIYEWU"), resides at the Subject Premises" (Page 5, Para. 7), "Investigators came to suspect that the user of the account is BAIYEWU residing at the Subject Premises (rather than in Nigeria). . ." (page 17, Para. 23), "I suspect that, given the apparent heavy involvement of both actors in the scheme under investigation and other money laundering efforts, it is more likely than not that - and **BAIYEWU** have communicated and continue to communicate…" (Page 19, Para. 29), among others.

Significantly, the affidavit itself shows that none of the co-conspirators (or cooperators), whose name have been redacted, link Mr. Baiyewu with the conspiracy. It is all based on conjecture and suspicion because Mr. Baiyewu did business with one of the subjects of the conspiracy.

On that same page 7 of the affidavit attached as Exhibit 1, two co-conspirators are named. If those two co-conspirators (or one of them) do not identify Mr. Baiyewu as part of the conspiracy, that is exculpatory evidence that needs to be produced.

**CONCLUSION**

Mr. Baiyewu is entitled to the unredacted affidavits used in the search and arrest warrants in so far as any redacted names and other information relates to individuals who participated in some way in the criminal conduct that is the subject of the arrest and search warrants. The government has an obligation to provide the defense with any material exculpatory evidence or impeachment evidence. *Brady v. Maryland,* 373 U.S. 83 (1963); *Giglio v. U.S.* 405 U.S. 150 (1972)*; U.S. v. Bagley,* 43 U.S. 67 (1985). The Government's *Brady* obligation extends to information in the possession of

any government agent. *Kyles v. Whitley,* 514 U.S. 419 (1995). The Due Process Protections Act was signed on October 21, 2020, effectively amended Federal Rule of Criminal Procedure Rule 5 to require districts courts to issue at the initial appearance an order declaring the government's obligation under *Brady v Maryland*. The purpose of the Due Process Protections Act in part, was to further promote and enforce the government's obligations under *Brady*. Accordingly, defense counsel is hereby requesting any information that is redacted in the affidavits and search warrants provided to defense counsel on April 22, 2022 including but not limited to the following: names of material witnesses, phone numbers, addresses, statements, or other information which is or could lead to *Brady* material, or which is material to the preparation of the defense. In preparation for the defense, defense counsel must be allowed to review and inspect the information contained in the affidavits in this matter because without the ability to determine the truthfulness and reliability if the information contained in the affidavits used to procure the search warrants executed in this case, defense counsel is unable to effectively suppress evidence which is obtained in violation of due process.

**WHEREFORE**, Defendant respectfully requests that Defendant's Motion to Compel Discovery be granted.

Respectfully submitted,

David M. Paz
State Bar No. 24056111
1001 Texas Ave, Suite 570
Houston, Texas 77002
(281) 743-7559
(281) 377-5047 fax
pazandassociates@hotmail.com

Carlos M. Sánchez La Costa, Esq.
USDC No. 209410
P.O. Box 9023027
San Juan, PR 00902-3027
Tel:   (787) 729-4646
csanchez@sanchezlawpr.com

`           By:   **s/Carlos M. Sanchez**
                  Carlos M. Sánchez La Costa

## CERTIFICATE OF SERVICE AND CONFERENCE

I, David M. Paz, certify that on the the 16th day of April, 2022, a copy of the foregoing was served electronically to the Assistant United States Attorney's office. On April 22 , 2022, I conferred with AUSA Edwin Giovannie Mercado who does not oppose this Motion.

David M. Paz

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA** § § | |
| v. § | Case Number: 3:21-cr-00395-RAM |
| **OLUWASEGUN BAIYEWU** § | |

### ORDER ON MOTION TO COMPEL DISCOEVRY

On this the _____ day of _____ , 2022, the court considered the Motion to Compel Discovery of Counsels Carlos M. Sanchez and David M. Paz, and orders that the discovery requested be released.

SIGNED this the _____ day of _____, 2022.

_____
UNITED STATES MAGISTRATE JUDGE