IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, **Plaintiff,** v. [1] OLUWASEGUN BAIYEWU, **Defendant.** | CRIM. NO. 21-CR-395-1 (RAM) |

## OPINION AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court are Defendant Oluwasegun Baiyewu's ("Defendant" or "Baiyewu") *Motion Requesting for Early Production of Grand Jury Transcripts* ("*Motion*") and the Government's *Response in Opposition* ("*Response*"). (Docket Nos. 542 and 559, respectively). For the following reasons, the *Motion* is **DENIED**.

### I.   BACKGROUND

On October 20, 2021, a grand jury in the District of Puerto Rico returned a single-count *Indictment* charging Defendant with conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). (Docket No. 5). About a year and a half later, on March 31, 2023, a grand jury returned a single-count *Superseding Indictment* charging Baiyewu and four co-defendants with conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(h) and 3147. (Docket No. 86). The *Superseding Indictment* alleges numerous schemes supporting the money laundering conspiracy,

including business email compromises ("BEC"), romance scams, and unemployment insurance ("UI") fraud. Id. ¶ 21. These charges arose out of events occurring between May 2020 and October 2021. Id. ¶ 19.

On June 2, 2025, Defendant filed the instant *Motion for Early Production of Grand Jury Transcripts*, pursuant to Fed. R. Crim. P. 2 and 6(e)(3)(E)(ii), as well as the due process and grand jury clauses of the Fifth Amendment. (Docket No. 542). Defendant moves for an order requiring disclosure and production of the minutes from the Grand Jury proceedings which returned indictments in this case – including any instructions given regarding the necessary specific intent required for conspiracy under 18 U.S.C. § 1956(h) and 18 U.S.C. § 3147. Id. at 1.

As relevant background, Baiyewu argues the *Superseding Indictment* "pretends to group under a single count conspiracy, three separate and distinct conspiracies alleged to have been committed independently of one another by different co-defendants, occurring on three different dates." Id. at 2-10. Because of this alleged "combination of unrelated and different conspiracies," Defendant claims the *Superseding Indictment* "raises serious questions as to what the Grand Jury was told" and "what legal instructions it received." Id. Additionally, Baiyewu frames this by specifically questioning what may have been said "by former

AUSA Giovanni Mercado who left the U.S. Attorney's Office" after a variety of alleged events Defendant claims demonstrate his "propensity to do and say whatever means to justify the end of trying to convict Mr. Baiyewu." Id.

Given this, Defendant argues disclosure of the grand jury transcripts is warranted because these circumstances "strongly suggest" the Government "provided erroneous legal instructions to the grand jury on the controlling law" – at least with respect to the law of conspiracy and the specific intent required for money laundering.[1] Id. at 12. In the alternative, Defendant seeks the disclosure of the legal instructions presented to the grand jury, arguing that the secrecy of proceedings under Fed. R. Crim. P. 6(e) only applies to the substance of jury deliberations and not to grand jury charges and instructions. Id. at 12-14.

The Government filed a *Response*, asserting that Baiyewu failed to show a particularized need for grand jury transcripts and that his purely speculative hodgepodge of "facts" and allegations about the *Superseding Indictment* being inappropriately prejudicial are unfounded – it is "fairly routine for the government to seek a superseding indictment where facts supporting additional defendants or charges are identified after an initial

---

[1] Alternatively, Defendant requests that the Court conduct *in camera* review of the grand jury transcripts and instructions. (Docket No. 542 at 12).

indictment has been returned." (Docket No. 559 at 8-9). Furthermore, the Government reiterates that the charges are for an alleged *money laundering* conspiracy, not *fraud*. Id. at 8. Moreover, the Government highlights that the majority of the alleged facts Defendant points to occurred after the *Superseding Indictment* was returned, making them incapable of having influenced the grand jury. Id. Additionally, the Government notes that the Court has already rejected many of the nearly identical arguments Baiyewu now raises in its denials of various other pretrial motions. Id. at 9-10.

## II. DISCUSSION

There is "long-established policy that maintains the secrecy of the grand jury proceedings in the federal courts." United States v. Pimental, 380 F.3d 575, 591 (1st Cir. 2004) (quoting United States v. Sells Eng'g, Inc. 463 U.S. 418, 424-25 (1983)). "Grand jury secrecy facilitates the investigation of criminal charges by assuring potential witnesses that their testimony will not become public knowledge, thus encouraging them to testify freely and limiting the potential that they will be improperly influenced by those under investigation." United States v. Pimentel, 380 F.3d 575, 591 (1st Cir. 2004). "At the same time, it ensures 'that persons who are accused by exonerated by the grand jury will not

be held up to public ridicule.'" Id. (quoting Douglas Oil Co. v. Petrol Stops Nw., 441 U.S. 211, 219 (1979)).

Fed. R. Crim. P. 6(e)(3)(E)(ii) allows district courts to authorize disclosure of a grand jury matter "at a time, in a manner, and subject to any other conditions that it directs," and "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." However, "Rule 6(e) 'is not an invitation to engage in a fishing expedition to search for grand jury wrongdoing and abuse when there are no grounds to believe that any wrongdoing or abuse has occurred.'" United States v. Rodriguez-Torres, 570 F.Supp. 2d 237, 242 (D.P.R. 2008) (quoting United States v. Loc Tien Nguyen, 314 F.Supp. 2d 612, 616 (E.D.Va. 2004). **"Because grand jury proceedings are entitled to a strong presumption of regularity," defendants seeking disclosure of grand jury information under Fed. R. Crim. P. 6(e)(3)(E)(ii) bear a "heavy burden of establishing that a particularized and factually based grounds exist to support the proposition that irregularities in grand jury proceedings may create a basis for the dismissal of an indictment."** Id. Such a burden cannot be satisfied with speculative or conclusory allegations of misconduct. Id.; *see* Sells Eng'g., Inc., 463 U.S. at 443 (finding defendants must make a "strong showing of a particularized need" to obtain grand jury material).

Local Criminal Rule 106(b) states that all "documents filed with the clerk concerning or contesting grand jury proceedings shall be sealed unless otherwise ordered by the court, based upon a showing of particularized need." Regarding confidential materials, the Local Rules highlight that the Court "is specifically concerned with grand jury material which, if disclosed, may cause serious prejudice to parties unrelated to criminal prosecutions or ongoing criminal investigations." L. CR. R. 116(c).

Balancing Defendant's right to information against the privacy interests of the grand jurors and the need for grand jury secrecy, the Court concludes that Baiyewu is not entitled to the information he requests. Beyond inquiring into ministerial matters, what Defendant seeks in this instance is transcripts from both grand juries in this case. However, he fails to offer more than highly speculative allegations that are conclusory in their reasoning. In support, Defendant points to the following allegations: (1) AUSA Mercado's refusal for months to provide defense counsels the unredacted affidavit used to support the search warrant of Baiyewu's home; (2) an alleged "materially relevant misrepresentation" defense counsels found in that previously redacted affidavit – which AUSA Mercado claimed to have just been made aware of, although the Government had filed a motion

acknowledging the error under the then-sealed Texas case more than a year before its discovery by defense counsels; (3) the amalgamation of different alleged conspiracies in the *Superseding Indictment*; (4) an inventory sheet for items seized from Baiyewu's home on October 14, 2021, that had the name Osayame Eghaghe Bloosom on it with Baiyewu's home address; and (5) an "olive branch" call between AUSA Mercado and defense counsels – who allege AUSA Mercado's "representations of a sure deportation [were understood] as a threat and attempt to coerce Mr. Baiyewu into pleading guilty." Id. at 6-10.

Baiyewu appears to rehash and raise various arguments that the Court has previously denied from his motion for severance (Docket No. 526), motion to compel further discovery (Docket No. 543), and motions to suppress (Docket Nos. 98 and 157).[2] (*See* Docket Nos. 483, 599, and 644). There is one singular charge in this case: conspiracy to commit money laundering. While Defendant argues he played no role in the underlying fraud schemes from which

---

[2] Defendant also appears to potentially raise a venue argument. (Docket No. 542 at 7). Again, the Court has dealt with this issue previously and denied such arguments because the *Superseding Indictment* alleges that a Puerto Rican company, G.I., was the victim of a business email compromise scam (Docket No. 86 ¶ 26). G.I. received an email an email from scammers and initiated a payment originating from an account within the district to an account outside of the district. Id. ¶ 27. This payment allegedly constituted proceeds that were eventually laundered by unindicted co-conspirators and Baiyewu. Id. ¶¶ 28-30. Thus, the District of Puerto Rico is a proper venue for the money laundering conspiracy given that acts in furtherance of the conspiracy occurred in Puerto Rico. (*See* Docket No. 474).

illegal funds for the money laundering were derived, that is not relevant to the present charges and the allegations in the *Superseding Indictment* are sufficient to tie Baiyewu to the conspiracy as a whole. Additionally, the Court finds no nefarious motive behind the seeking of a *Superseding Indictment*,[3] nor behind the misstatement in the affidavit supporting the search warrant for Baiyewu's home. As to Defendant's implications regarding former AUSA Mercado, the Court again holds this to be a highly speculative extrapolation of his conduct. (*See* Docket No. 644).

Baiyewu argues that "[b]ecause the prosecutor's guidance is the only guidance the Grand Jury receives, it is critical that the [his] statements of law be fair and accurate." (Docket No. 542 at 11). However, Defendant has failed to identify a particularized need that would overcome the "strong presumption of regularity" that grand jury proceeds are entitled to, as well as the "long-established policy" for secrecy. *See* Rodriguez-Torres, 570 F.Supp. 2d. at 242; Pimental, 380 F.3d at 591. His argument is full of speculative and conclusory allegations that do not satisfy the

---

[3] Fed. R. Crim. P. 6(g) states that a "grand jury must serve until the court discharges it, but it may serve more than 18 months only if the court, having determined that an extension is in the public interest, extends the grand jury's service." However, "it is standard practice to accept superseding indictments from different grand juries in order to make corrections to or add defendants, charges, or details to prior indictments." United States v. Lacey, 53 F.3d 332 (6th Cir. 1995) (unpublished) (denying defendant's motion to dismiss a fifth superseding indictment issued three years after return of original indictment because indictments were returned by different grand juries).

Criminal No. 21-395-1 (RAM)                                                9

heavy burden of establishing a particularized and factually based need to the requested information. Nor does the Court grant Defendant's request for *in camera* review of the materials for the same reasons. *See* United States v. Bravo-Fernández, 239 F.Supp. 3d 411, 415 (D.P.R. 2017) ("Courts should refuse to disclose grand jury materials, and reject an invitation to conduct an *in camera* review of matters occurring before the grand jury unless there is a very clear and positive showing of a need for the grand jury material.'" (internal quotation marks omitted)).

Additionally, Defendant failed to meet his burden to establish that there are "particularized and factually based grounds" supporting his contention that irregularities in the legal instructions delivered to the grand jury might warrant dismissal of the *Superseding Indictment*. *See* Rodriguez-Torres, 570 F.Supp. 2d at 242; *see also* United States v. Luthra, Crim. No. 15-30032, 2018 WL 283892 (D.Mass. Jan. 3, 2018) (collecting cases); Bravo-Fernández, 239 F.Supp. 3d at 415-17. Accordingly, the Court also denies Defendant's request for disclosure of grand jury instructions.

### III. CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** Defendant Oluwasegun Baiyewu's *Motion for Early Production of Grand Jury Transcripts* at Docket No. 542.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 28th day of July 2025.

```
                              s/Raúl M. Arias-Marxuach
                              UNITED STATES DISTRICT JUDGE
```