**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| UNITED STATES OF AMERICA, **Plaintiff,** v. [1] OLUWASEGUN BAIYEWU, **Defendant.** | **CRIMINAL NO. 21-395-1 (RAM)** |

<u>**MEMORANDUM AND ORDER**</u>

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is Defendant Oluwasegun Baiyewu's ("Defendant" or "Mr. Baiyewu") *Motion to Dismiss Based on New Jurisprudence and Precedent* ("*Motion*") and the United States of America's (the "Government") *Response in Opposition*. (Docket Nos. 913 and 916, respectively). For the following reasons, the *Motion* is **DENIED.**

## I.    BACKGROUND

On October 20, 2021, a grand jury in the District of Puerto Rico returned a single-count *Indictment* charging Mr. Baiyewu with conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). (Docket No. 5). About a year and a half later, on March 31, 2023, a grand jury returned a single-count *Superseding Indictment* charging Mr. Baiyewu and four co-defendants with conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(h) and 3147. (Docket No. 86). The *Superseding Indictment*

alleges numerous schemes supporting the money laundering conspiracy, including business email compromises ("BEC"), romance scams, and unemployment insurance ("UI") fraud. Id. ¶ 21. These charges arose out of events occurring between May 2020 and October 2021. Id. ¶ 19.

On August 25, 2025, a jury in the District of Puerto Rico found Defendant guilty of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). (Docket No. 746). Subsequently, Defendant filed his *Motion*. (Docket No. 913). Mr. Baiyewu averred the recent Supreme Court decision in Abouammo v. United States, 146 S. Ct. 1571 (2026), supports his previous arguments that venue was improper in the District of Puerto Rico. Id. Defendant requested the Court dismiss the case.

The Government opposed Defendant's *Motion* and argued Abouammo's holding does not apply in this case because it involved the narrow question of proper venue pursuant to a different statute, 18 U.S.C. § 1519 (knowingly falsifying a document). (Docket No. 916). The Government also averred the *Motion* is an impermissible motion for reconsideration of the Court's previous rulings on venue. Id.

## II.  DISCUSSION

Pursuant to Fed. R. Crim. P. 12(b)(3)(A)(i), when venue is challenged, the government bears the burden by a preponderance of the evidence to establish that venue is proper. United States v. Salinas, 373 F.3d 161, 163 (1st Cir. 2004). The Constitution of the United States provides that criminal trials "shall be held in the State where the said Crimes shall have been committed; but when not committed within any State, . . . shall be at such Place or Places as the Congress may by Law have directed." U.S. Const. art. III, § 2, cl. 3. Fed. R. Crim. P. 18 further mandates that the government "prosecute an offense in a district where the offense was committed." **Courts must honor specific venue provisions in statutes where they exist**. Salinas, 373 F.3d at 164 (emphasis added).

Recently, in Abouammo, the Supreme Court held that venue for a prosecution under 18 U.S.C. § 1519 lies only in the district where the defendant committed the alleged falsification, not where the effects of that conduct were intended to be felt or where a related federal investigation was pending. 146 S. Ct. at 1575. The Court reaffirmed that venue must be based on the location of the offense's essential conduct elements. Id. at 1576. Importantly, 18 U.S.C. § 1519 does not have a specific statutory venue provision. Moreover, the Supreme Court stated that their holding was

Criminal No. 21-395-1 (RAM)                                                4

"'discrete' and narrow, as [their] venue decisions usually are, because it is based on 'the nature of the [specific] crime charged.'" Id. at 1579.

Here, Defendant is charged with money laundering conspiracy in violation of 18 U.S.C. § 1956(h). Unlike 18 U.S.C. § 1519, Congress has provided a specific venue provision for prosecutions under Section 1956(h). 18 U.S.C. § 1956(i)(2). Such prosecutions "may be brought in the district where venue would lie for the completed offense . . . or in any other district where an act in furtherance of the attempt or conspiracy took place." Id. For venue to be proper in a money laundering conspiracy case, 18 U.S.C. § 1956(i)(2) requires only that an act in furtherance of the attempt or conspiracy take place in such venue. It does not specify which person within the conspiracy must perpetrate that act, only that the act occurs in the district.

In the *Superseding Indictment*, the Government alleged that a Puerto Rican company, Glenn International ("G.I."), was the victim of a business email compromise scam. (Docket No. 86 ¶ 26). G.I. received an email from scammers and initiated a payment originating from an account within this district to an account outside of the district. Id. ¶ 27. This payment constituted proceeds that were eventually laundered by unindicted co-conspirators and Mr. Baiyewu. Id. ¶¶ 28-30. In this case, the Government charged a hub-

Criminal No. 21-395-1 (RAM)                                                    5

and-spoke conspiracy and proceeded to persuade the jury that such conspiracy existed. *See* United States v. Abdelaziz, 68 F.4th 1, 48-49 (1st Cir. 2023) (describing hub-and-spoke structure and charging requirements). Venue remains proper where at least part of conspiracy occurred, even if "there was no evidence that the defendant had entered that district or that the conspiracy was formed there." United States v. Rodriguez-Moreno, 526 U.S. 275, 281-82 (1999) (quoting Hyde v. United States, 225 U.S. 347, 356-57 (1912)); *see also* United States v. Approximately $659,990.83, 2008 WL 794538, at *6 (E.D. Wis. 2008) (finding venue proper in district where some overt acts in furtherance of a hub-and-spoke conspiracy occurred). Here, Mr. Baiyewu did not personally carry out the fraud that produced the G.I. funds. *See* Docket No. 880 at 11-18 (discussing Defendant's previous venue argument and the relevant trial evidence at length). Mr. Baiyewu did, nevertheless, assist in cleaning the dirty dollars produced by the G.I. fraud. He did so by supplying the naira to help pay for the dirty dollars and coordinating the shipments of the two cars bought with them.

Therefore, as the Court has ruled previously, the Court finds that a rational jury could find that the Government established venue under the applicable preponderance of the evidence standard. Given the specific venue provision applicable in this case, the Supreme Court's discrete and narrow decision in Abbouamo—in the

Criminal No. 21-395-1 (RAM)                                                6

absence of a specific venue provision and regarding a different statute—does not alter that finding.

### III. CONCLUSION

For the foregoing reasons, Defendant Oluwasegun Baiyewu's *Motion to Dismiss Based on New Jurisprudence and Precedent* at Docket No. 913 is hereby **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 3rd day of August 2026.

s/Raúl M. Arias-Marxuach_____
UNITED STATES DISTRICT JUDGE